IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AL RICO MAPP, GDC# 841886<br>    Plaintiff,<br><br>V.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS,<br>STEVEN UPTON, WARDEN,<br>JOE BURNETTE, DEPUTY WARDEN<br>DANE DASHER, DEPUTY WARDEN,<br>ALTON MOBLEY,<br>CORRECTIONAL OFFICER<br>ALL INDIVIDUALLY AND AS<br>EMPLOYEES OF GEORGIA STATE<br>PRISON<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)CIVIL ACTION<br>)NO. _____<br>)<br>) **CV611-124**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, AL RICO MAPP, by and through Counsel, Tamika Hrobowski-Houston, files this complaint pursuant to 42 USC §§1983, 1988, 1997e and the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States as well as pursuant to O.C.G.A. §51-1-13 and §51-1-14 and states as follows:

A.
PLAINTIFF

Plaintiff, AL RICO MAPP, GDC #841886, is incarcerated in the Georgia Department of Corrections and at all times relevant was an inmate at the Georgia State Prison in Reidsville, Georgia which is within the Southern District of Georgia.

B.
DEFENDANTS

The Defendant, GEORGIA DEPARTMENT OF CORRECTIONS, was at all times relevant the State Agency responsible for the maintenance and control of the correctional facilities and their employees in the State of Georgia, including Georgia State Prison.

The Defendant, STEPHEN UPTON, was at all times relevant the Warden of the Georgia State Prison. As Warden, the Defendant STEPHEN UPTON, was ultimately responsible for the conduct of correctional officers at the Georgia State Prison and ensuring that the policies and procedures of the Georgia Department of Corrections, as well as the laws and Constitutions of the United States and the State of Georgia were followed.

Defendant JOE BURNETTE was at all times relevant a Deputy Warden at Georgia State Prison and responsible for promulgating the policies of the Georgia Department of Corrections and Georgia State Prison and ensuring that those policies and procedures, as well as the laws and Constitutions of the United States and the State of Georgia were followed.

Defendant DANE DASHER was at all times relevant a Deputy Warden at Georgia State Prison and responsible for promulgating the policies of the Georgia Department of Corrections and Georgia State Prison and ensuring that those policies and procedures, as well as the laws and Constitutions of the United States and the State of Georgia were followed.

Defendant OFFICER ALTON MOBLEY was at all times relevant a correctional officer at the Georgia State Prison and responsible for following the policy and procedures of the Georgia Department of Corrections and Georgia State Prison, as well as the laws and Constitutions of the United States and the State of Georgia.

The aforesaid Defendants were at all times relevant, employed by the Georgia Department of Corrections and assigned to Georgia State Prison in Reidsville, GA, where the events complained of herein occurred and are therefore subject to the jurisdiction of this Court.

## C.
## JURISDICTION

Jurisdiction for this action is pursuant to 28 U.S.C. §1331 and arises under the Fourth, Eighth and Fourteenth Amendments to Constitution of the United States and 42 U.S.C. §§1983, 1988 and 1997e.

## D.
## VENUE

Venue is proper pursuant to 28 U.S.C. 1391 in the United District Court for the Southern District of Georgia where at all times relevant, the acts of the Defendants occurred, which gives rise to this cause of action, where Defendants reside, and where Defendants may be found and served in the Southern District of Georgia. The events described hereinafter occurred at the Georgia State Prison located at 2164 Georgia Highway 147, Reidsville, Georgia. Said Defendants are subject to the jurisdiction of this Court.

## E.
## PREREQUISITES TO FILING

Plaintiff has exhausted his administrative remedies at the Georgia State Prison through the grievance process and an ante litem notice was delivered to the Department of Administrative Services, Risk Management Division, as well as the Georgia Department of Corrections, regarding Plaintiff's claims as outlined in this Complaint. (See Exhibits attached) Therefore, Plaintiff has satisfied the prerequisites to filing this action for damages, as well as concerning prison conditions required under the Prison Litigation Reform Act, 42 U.S.C. §1997e and O.C.G.A. §50-21-26.

## F.
## OPERATIVE FACTS

1.

On October 23, 2008, Plaintiff was seriously injured when officers escorting him failed to protect him from an inmate knife attack. On October 22, 2009, Plaintiff submitted an ante litem notice to the Department of Administrative Services, Risk Management Division regarding the October 23, 2008

incident. Thereafter, an investigation of the October 23, 2008 incident was conducted and correctional officers involved were questioned.

2.

At or around the time of that inquiry, Plaintiff was subjected to acts of excessive force and physical brutality at the hands of Corrections Officers intentionally and with reckless disregard for the health and welfare of Plaintiff. Further, to the best of Plaintiff's knowledge and belief, this excessive use of force was in retaliation for his complaints and grievances against various correctional officers and members of the prison administration regarding prison conditions, including, but not limited to, each of the DEFENDANTS.

3.

Specifically, on November 16, 2009, at or around the time that Officers were questioned, OFFICER ALTON MOBLEY, a member of the prison CERT team, came to Plaintiff's cell "running yard" at which time Plaintiff was told to strip, turn around and "bust his butt", meaning spread his buttocks using both hands for a visual inspection by OFFICER MOBLEY. Plaintiff complied, but was ordered to do so again by OFFICER MOBLEY who claimed that he was unable to see the first time.

4.

As Plaintiff walked out of his cell, he told OFFICER MOBLEY to start following the rules and put him in the shower when he is required to "bust his butt." OFFICER MOBLEY responded that he would and then proceeded to snatch a cap and tissue out of Plaintiff's hand. In response, Plaintiff stated to OFFICER MOBLEY "don't do that" just ask for it next time.

5.

OFFICER MOBLEY continued to escort Plaintiff who was handcuffed behind his back. OFFICER MOBLEY MOVED Plaintiff along by pushing Plaintiff in the back with the hand holding the Plaintiff's handcuffed hands. This was very uncomfortable for Plaintiff and he asked OFFICER MOBLEY not to do that anymore. At that point, OFFICER MOBLEY grabbed Plaintiff by the face and pushed Plaintiff's face into cell bars, then grabbed Plaintiff and forced Plaintiff to the ground so hard that Plaintiff's cuffs popped open. OFFICER MOBLEY then jumped on top of Plaintiff and began punching Plaintiff in the face repeatedly.

6.

Plaintiff was severely injured during OFFICER MOBLEY's assault and required treatment in the medical unit for injuries to his face, head, eye, hands and wrists including, but not limited to contusions, bruising and swelling. This incident occurred in the K-2 dorm and photographs were taken of Plaintiff's injuries and there is a camera in the dorm that should have caught the entire incident on videotape, as well as videotape of the transport to medical, both of which should be available for review.

7.

Moreover, while the transport camera was off, OFFICER MOBLEY mocked Plaintiff and poked Plaintiff in the face stating "talk that shit now." Plaintiff requested that OFFICER MOBLEY continue this while the camera was back on.

8.

This incident was also witnessed by other inmates in the area who wrote witness statements on Plaintiff's behalf, as well as by correctional officers who advised OFFICER MOBLEY to calm down.

9.

Plaintiff filed a grievance regarding this incident with OFFICER MOBLEY and submitted the aforementioned witness statements. In response, Plaintiff was told that the matter had already been referred to the Internal Investigations Unit for investigation, but no additional information as been provided to Plaintiff regarding the results of that investigation. Moreover, to the best of Plaintiff's knowledge and belief, no action has been taken against OFFICER MOBLEY for his unprovoked assault and battery against Plaintiff.

10.

Thereafter, OFFICER MOBLEY submitted a disciplinary report ("DR") against Plaintiff in which he sought to justify his use of "hands on" force. However, the DR against Plaintiff was dismissed "based on investigative findings." Further, the Disposition portion of the DR indicated "video tape could not be viewed per Mr. Dasher." There was no indication as to why the video tape could not be viewed.

## G.
## CAUSES OF ACTION

### COUNT ONE
### 42 USC §§1983, 1988
### DUE PROCESS

11.

Plaintiff hereby adopts and realleges each of the foregoing Paragraphs 1 through 10.

12.

Plaintiff brings this action against the Defendants, jointly and severally, in their individual and official capacities, who under color of law have shown deliberate indifference to the risk of serious physical injury to Plaintiff as a result of DEFENDANT'S UPTON, DASHER AND BURNETT'S failure to protect Plaintiff, as well as their failure to ensure that institution/Department of Correction policy with respect to the proper transport of inmates is followed. DEFENDANT OFFICER MOBLEY failed to ensure Plaintiff's safety by intentionally inflicting serious physical injury upon Plaintiff without provocation. ALL DEFENDANTS allowed Plaintiff to be the victim of serious physical injury and mental anguish in violation of the Constitution and laws of the United States, as well as the Constitution and laws of the State of Georgia and the policies and procedures of the Georgia Department of Corrections and Georgia State Prison.

13.

Defendant, Warden STEVEN UPTON, Deputy Warden DANE DASHER and Deputy Warden JOE BURNETTE were responsible for the conduct of their correctional officers, as well as the welfare of the inmates at the Georgia State Prison. There are policies in place regarding the proper procedure for the transport of inmates through the dorms, as well as the officer's ultimate duties with respect to the overall protection of the inmate population and the appropriate use of force.

14.

There have been various incidents involving correctional officers at the Georgia State Prison using excessive force in dealing with inmates. The policies with respect to appropriate handling and force to be used are to be

promulgated and enforced through the Georgia Department of Corrections, as well as the prison administration at each facility, including Georgia State Prison. However, the laxity with which these policies are followed and enforced, despite the dangers and other circumstances present in a maximum security facility, as well as the apparent "Hands on" policy that exists at the Georgia State Prison, is the result of Defendant Warden STEVEN UPTON, Defendant Deputy Warden DANE DASHER and Defendant Deputy Warden JOE BURNETTE, as well as his predecessors' "silent approval" of correctional officer conduct.

15.

Defendant Deputy Warden JOE BURNETTE is also complicit in promoting a disregard for prison policy and is responsible for aggravating an already volatile atmosphere with rumor and innuendo intentionally aimed at inciting inmates and officers to violence against Plaintiff. Further, ALL DEFENDANTS failed to properly promulgate and enforce the policies of the Georgia Department of Corrections and Georgia State Prison and failed to exercise his authority to curtail the behavior of the correctional officer Defendants in disregarding policy, failing to protect inmates and assaulting inmates using uncalled for and excessive force.

16.

On November 16, 2009, Defendant OFFICER ALTON MOBLEY used unnecessary and excessive "hands on" force and inflicting serious physical injury upon Plaintiff on November 16, 2009 as set out in operative facts in paragraphs 1-10. OFFICER MOBLEY'S actions may have been retaliation against Plaintiff for his notice to the Department of Corrections and the resulting investigation for previous incidents. Further, OFFICER ALTON MOBLEY subsequently wrote up a disciplinary report on Plaintiff for the incident in order to justify his actions, however, the hearing official stated "Based upon investigative findings, I recommend dismissal"

17.

Defendants' UPTON, DASHER and BURNETTE, as well as the Georgia Department of Corrections' failed to indicate disapproval of the use of excessive physical force and thus, ratified said use of force. Therefore, said Defendants are wholly complicit in OFFICER MOBLEY'S intentional acts of excessive force and failure to uphold his duty to protect Plaintiff, which was the direct and proximate cause of the malicious beating Plaintiff suffered, at the hands of Defendant OFFICER ALTON MOBLEY.

18.

ALL DEFENDANTS, acting under color of State law, exhibited deliberate indifference in inflicting, and allowing to be inflicted, serious physical injury and mental anguish upon Plaintiff in violation of the Constitution and laws of the United States, as well as the Constitution and laws of the State of Georgia and the policies and procedures of the Georgia Department of Corrections and Georgia State Prison.

19.

The actions of ALL DEFENDANTS were undertaken under color of law and clearly violated established constitutional rights and statutes of the United States and the State of Georgia of which they knew, or a reasonable person would have known.

20.

ALL DEFENDANTS also knew or should have known that their actions and deliberate indifference to the risk of harm to Plaintiff from OFFICER MOBLEY'S excessive use of force on a handcuffed inmate would lead to serious harm or a substantial risk of serious harm to Plaintiff.

21.

The acts and omissions of ALL DEFENDANTS culminated in the excessive force and serious physical injury inflicted upon Plaintiff on November 16, 2009. ALL DEFENDANTS engaged in these acts under color of law in their official capacities and deprived the Plaintiff of his rights as guaranteed by the Fourteenth Amendment to the United States Constitution. Said failures were a direct result of Defendants' reckless disregard for and deliberate indifference to the substantial risk of serious physical injury considering the conditions of Plaintiff's confinement at Georgia State Prison.

## COUNT TWO
## 42 USC §§1983, 1988
## CRUEL AND UNUSUAL PUNISHMENT

22.

Plaintiff hereby adopts and realleges each of the foregoing Paragraphs 1 through 10.

23.

Plaintiff brings this action pursuant to the provisions of 42 U.S.C. §§ 1983 and 1988 for a violation of his Eighth Amendment rights under the United States Constitution prohibiting cruel and unusual punishment.

24.

On November 16, 2009, Plaintiff was viciously attacked by Defendant OFFICER MOBLEY while Plaintiff was in handcuffs in such a manner that there was a substantial risk of serious physical injury. This brutal attack on Plaintiff resulted in serious physical injury to him and the lack of restraint and the use of excessive force on the part of the Corrections Officer charged with supervision and protection of Plaintiff did not afford Plaintiff the minimal civilized measure of life's necessities.

25.

Plaintiff's vulnerability to the attack by OFFICER MOBLEY was a direct result of all of the Defendants' deliberate indifference to Plaintiffs' conditions of confinement and a complete lack of concern for Plaintiff's well being and safety in violation of 42 USC §§1983, 1988.

26.

ALL DEFENDANTS were aware of the conditions of Plaintiff's confinement and had authority and the means to remedy the problems identified by the Plaintiff in this action. However, ALL DEFENDANTS acted with deliberate indifference to these conditions and instead subjected the Plaintiff to serious physical injury and mental harm, as well as significant pain and suffering.

27.

The Plaintiff was subjected to grossly deficient conditions in the area of protection from serious physical harm while housed as an inmate at Georgia State Prison. The acts and/or omissions of ALL DEFENDANTS in intentionally inflicting serious physical injury, then ratifying that behavior by not addressing it in any meaningful way, were sufficiently harmful to evidence a deliberate indifference to Plaintiff's substantial risk of serious harm or death during the period of his incarceration.

28.

As set out more specifically in the paragraphs above, the intentional infliction of serious physical injury by Defendant Officer Mobley in the

course of carrying out his official duties and while acting under color of law, violated Plaintiff's Constitutional rights, as well as state and federal law.

29.

The response to the actions of the foregoing Defendants by Defendants UPTON, DASHER, BURNETTE and the GEORGIA DEPARTMENT OF CORRECTIONS was inadequate in that it did not properly remedy the harm heaped upon Plaintiff.

30.

All of the Defendants, while acting under color of law in their official capacities, constituted cruel and unusual punishment in violation of the Eighteenth Amendment to the United States Constitution. Said failure was a direct result of Defendants' reckless disregard for and deliberate indifference to the substantial risk of serious physical injury to Plaintiff as demonstrated by the lack of official response to Plaintiff's grievances by the Department of Corrections and the prison administration and the inadequate and deadly conditions of confinement at Georgia State Prison.

31.

The inadequate protocol and responses to ensure the safety of Plaintiff, as well as the intentional infliction of serious physical injury upon him while confined at Georgia State Prison and all Defendants' wanton failure to address these conditions served no legitimate penological interest. As such, these conditions and Defendants' conduct constitute cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, as enforced against states through the 14th Amendment and are actionable pursuant to 42 U.S.C. §§1983, 1988.

## COUNT THREE
## ASSAULT/BATTERY

32.

Plaintiff hereby adopts and realleges each of the Operative Facts in Paragraphs 1 through 10.

33.

These incidences occurred subsequent to his grievances and an internal affairs investigation regarding his allegation that Defendants Warden UPTON, Deputy Warden DASHER and Deputy Warden Burnette, and other

corrections officers transporting Plaintiff failed to protect him during an October 23, 2008 inmate attack.

34.

Specifically, on November 16, 2009, Defendant Alton Mobley attacked Plaintiff, while he was handcuffed, by smashing his face into his cell and forcing him to the ground where Defendant OFFICER MOBLEY pinned him while repeatedly punching Plaintiff in the face. This attack is set out more fully in the operative facts in paragraphs 1 to 10.

35.

Plaintiff suffered serious physical injury to his face, head, hands and wrists due to the excessive force employed by Defendant OFFICER MOBLEY.

## COUNTS FOUR and FIVE
## NEGLIGENCE and GROSS NEGLIGENCE

36.

Plaintiff hereby adopts and realleges each of the operative facts in paragraphs 1-10.

37.

At all times relevant herein, ALL DEFENDANTS named herein had a duty to ensure Plaintiff's safety and well-being during his incarceration at Georgia State Prison.

38.

Defendants UPTON, DASHER and BURNETTE, as well as the GEORGIA DEPARTMENT OF CORRECTIONS breached said duty when they failed to implement and enforce proper measures that would ensure that the above named officers, trained per their direction, carried out the duties that were entrusted to them. Defendant BURNETTE also breached his duty to protect Plaintiff by intentionally seeking to encourage inmate and officer attacks upon Plaintiff.

39.

Defendant OFFICER ALTON MOBLEY knowingly breached said duty when he brutally attacked a handcuffed and defenseless Plaintiff causing severe physical injuries and resulting physical and mental pain and suffering.

40.

As a direct and proximate result of each of the DEFENDANTS' actions, Plaintiff was placed in a situation where there was a substantial risk of harm due to OFFICER MOBLEY'S intentional use of excessive force, or such force that he knew or should have known would have, resulted in serious physical injury to Plaintiff.

41.

In fact, OFFICER MOBLEY and Deputy WARDEN BURNETTE acted with deliberate indifference to the substantial risk of serious physical injury or death in allowing, inflicting and inciting others to inflict, serious physical injury upon Plaintiff. Therefore, his actions, as well as Defendants UPTON, DASHER and BURNETTE and the Georgia Department of Corrections failure to address or correct them in any meaningful way, demonstrated a reckless disregard for Plaintiff's safety and their duty to protect Plaintiff or any other inmates.

## COUNT SIX
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

42.

Plaintiff hereby adopts and realleges the operative facts in Paragraphs 1-10.

43.

Defendant GEORGIA DEPARTMENT OF CORRECTIONS had a duty to properly fund the Georgia State Prison training programs and/or to exercise care in the hiring, training and supervision of Department of Corrections employees, as well as employees of Georgia State Prison.

44.

Defendants GEORGIA DEPARTMENT OF CORRECTIONS, Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE had a duty to ensure that OFFICER MOBLEY was properly qualified for hire, trained and supervised to ensure inmate safety.

45.

Defendants GEORGIA DEPARTMENT OF CORRECTIONS, Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE had a duty to ensure that DEFFENDANT MOBLEY was properly qualified for hire, trained and supervised as it related to the proper use of physical force against an inmate.

46.

Defendants GEORGIA DEPARTMENT OF CORRECTIONS, Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE breached said duty when they failed to ensure that Defendant OFFICER MOBLEY properly carried out the duties that were entrusted to him. Moreover, Said Defendants made no efforts to redress the excessive force used by OFFICER MOBLEY.

47.

Defendants Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE were fully aware that Department of Corrections and Georgia State Prison policies and procedures were not being adequately implemented in that those policies and procedures in place concerning excessive force, the use of hands on force and the proper transport of inmates were not being followed at all times. These Defendants simply acquiesced to said inadequacies in implementation as part of their own customs and policies without consequences to officers who employed excessive force and without regard for the safety and well-being of Plaintiff, as demonstrated by their failure to reprimand or otherwise address Defendant OFFICER MOBLEY'S actions.

48.

Defendants GEORGIA DEPARTMENT OF CORRECTIONS, Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE knowingly and with reckless disregard, put Plaintiff at substantial risk of serious physical injury or death due to the inadequate safety measures against officer attacks and inadequate training in the area of officer use of physical ("hands on") force and as a direct and proximate cause, Plaintiff did in fact suffer serious physical injuries.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.

The allegations contained in paragraphs 1 through 74 are incorporated herein as if set forth again in full.

50.

Defendants OFFICER MOBLEY intentionally inflicted emotional distress upon Plaintiff, which requires a showing of mental suffering and wounded feelings that are the natural result of Defendants' terrifying or insulting acts that are done wantonly, voluntarily or intentionally.

51.

Plaintiff has suffered wanton, voluntary and intentional mental distress due to a very real fear for his life that is now constant as a result of his realization that Defendants Warden UPTON, Deputy Warden DASHER, Deputy Warden BURNETTE and Officer MOBLEY, each of whom is charged with the duty to protect him, are intentionally failing to uphold that duty without consequence and instead inflicting, inciting others to inflict and allowing Plaintiff to suffer serious physical injury and attendant mental anguish.

## COUNT EIGHT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52.

The allegations contained in the operative facts in paragraphs 1 through 10 are incorporated herein as if set forth again in full.

53.

Further, incorporating the facts set out in Count seven above, ALL DEFENDANTS negligently inflicted emotional distress upon Plaintiff, which requires a showing of mental suffering and wounded feelings, accompanied by physical or nonphysical injury, that are the natural result of Defendants' terrifying or insulting acts.

54.

As a direct and proximate result of a breach of their respective duties to protect Plaintiff and intentional violations of Plaintiffs rights, each Defendant has caused Plaintiff to suffer serious physical injury, and to be subjected to the fear of additional injury that naturally accompanies Defendants acts, which results in emotional distress and mental pain that continues.

## COUNT NINE
## RETALIATION

### 55.
Plaintiff hereby adopts and realleges each of the operative facts set out in Paragraphs 1 through 10.

### 56.
Plaintiff has made statements to inmates and officers regarding DDEPUTY WARDEN BURNETTE'S affair with a married female correctional officer, and has filed grievances against DEPUTY WARDEN BURNETTE in the past. AS a result, Defendant DEPUTY WARDEN JOE BURNETTE has spread rumor and innuendo about Plaintiff that was aimed at inciting inmates and officers to cause him harm.

### 57.
Plaintiff finally filed grievances regarding Defendant BURNETTE's actions February 24, 2009, after receiving verbal threats during a visit DEPUTY WARDEN JOE BURNETTE made to his cell.

### 58.
Subsequently, on October 22, 2009, Plaintiff also submitted an ante litem notice to the Department of Administrative Services, Risk Management Division notifying them of his intent to pursue a claim for damages related to the injuries he received as a result of an October 23, 2008 inmate attack.

### 59.
Thereafter, an investigation of the October 23, 2008 incident was conducted and the correctional officers involved, as well as Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE were questioned or otherwise implicated.

### 60.
It was at or around the time of this inquiry that Officer MOBLEY inflicted serious physical injury upon Plaintiff using excessive force and is believed to be in retaliation for his complaints and grievances that lead to the investigation of each of the officers involved, as well as Defendants Warden UPTON, Deputy Warden DASHER and Deputy Warden BURNETTE.

61.

Additionally, to counter Plaintiff's grievance of the excessive use of force by OFFICER MOBLEY, Defendant OFFICER MOBLEY submitted a disciplinary report ("DR") against Plaintiff in an effort to justify his use of excessive "hands on" force. However, it was recommended by the hearing officer that the DR against Plaintiff be dismissed "based on investigative findings."

## COUNT TEN
## DAMAGES/PUNITIVE DAMAGES

62.

The operative facts contained in paragraphs 1 through 10 are incorporated herein as if set forth again in full.

63.

As a result of the deliberate indifference of ALL DEFENDANTS to Plaintiffs' well-being, their infliction of serious physical injury to Plaintiff's face, head, eye, hands and wrists, as well as the emotional distress of fearing retaliation and assault from the very officers entrusted with your care and well-being. Plaintiffs are entitled to recover damages, as provided by law, from the defendants jointly and severally, in their individual capacities, as well as in their capacities as employees and agents of the Georgia Department of Corrections and the State of Georgia, as recompense for the physical and emotional harm that they have endured.

64.

Plaintiffs seek damages from ALL DEFENDANTS in an amount to be determined by a duly empaneled jury.

65.

ALL DEFENDANTS by their actions, individually and in concert, demonstrated deliberate, willful misconduct, malice, fraud, wantonness, oppression and an entire want of care such as to raise a presumption of conscious indifference on their parts to the consequences thereof.

66.

The actions of ALL DEFENDANTS in failing to adequately provide for the safety of Plaintiffs during transport, as well as their harassment and intentional infliction of serious physical injury and mental anguish upon

Plaintiff in retaliation for his grievances, demonstrates a pattern of deliberate and reckless indifference to a substantial risk of serious physical injury or death under the conditions existing within the Georgia State Prison, therefore, entitling Plaintiffs to an appropriate award of punitive and exemplary damages in an amount to be determined by a duly empaneled jury.

67.

ALL DEFENDANTS also knew or should have known that their actions and deliberate indifference to the actions of others would cause serious harm or a substantial risk of serious harm to Plaintiff.

68.

As a result of ALL DEFENDANTS' deliberate indifference to Plaintiff's well-being, as well as their intentional infliction of serious physical injury and emotional distress, Plaintiff is entitled to recover damages, as provided by law, from the defendants jointly and severally, in their individual capacities, as well as in their capacities as employees of the Georgia Department of Corrections, as recompense for the serious physical and emotional harm that he has endured.

69.

The actions of ALL DEFENDANTS were intentional, reckless, retaliatory and vindictive, therefore, entitling Plaintiff to an appropriate award of punitive and exemplary damages.

WHEREFORE, the Plaintiff prays that the Court grant any and all relief to which he is entitled in this proceeding, including, but not limited to,

1. That Plaintiff's cause be heard by a duly impaneled jury;

2. That Plaintiff be transferred to a facility where his life is not endangered by the very officers charged with protecting it due to his complaints against the administration;

3. That this Court award Plaintiff compensatory damages jointly and severally against the Defendants, in their individual and official capacities, due to their role as proximate and direct cause of plaintiff's extreme physical pain and emotional anguish amounting to cruel and

unusual punishment due to serious injuries and aggravating retaliatory acts;

4. That this Court award punitive damages due to the willful, wanton and deliberately indifferent nature of Defendant's conduct, which would deter Defendants' conduct in the future and promote positive change in Georgia State Prison operations;

5. That Defendants be held jointly and severally responsible for the costs of this litigation including, but not limited to, court costs, discovery costs, attorney fees, etc. to the extent provided for by law.

6. That plaintiff be awarded and any and all other just and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Tamika B. Hrobowski-Houston

EXECUTIVE CENTER
1115 Mt. Zion Rd., Ste. 8
Morrow, GA 30260
Tel: 770.909.1100
Fax: 770.909.0120
Tamika@hrobowskilaw.com

Tamika B. Hrobowski-Houston
Counsel for Plaintiff
Georgia Bar #373255