FILED
U.S. DISTRICT COURT
     DIV.
2012 JAN 19 PM 2:46
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

   Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS; STEVEN
UPTON; JOE BURNETTE;
DANE DASHER; and
ALTON MOBLEY,

   Defendants.

CIVIL ACTION NO.: CV611-124

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Al Rico Mapp ("Plaintiff"), an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he was physically assaulted by Defendant Alton Mobley ("Mobley"). Plaintiff claims that Mobley grabbed him by the face and pushed his face into cell bars. Plaintiff alleges that Mobley then forced him to the ground, jumped on top of him, and punched him in the face repeatedly. Plaintiff asserts that he sustained injuries in the form of contusions, bruising, and swelling to his face, head, eye, hands, and wrists. Plaintiff alleges that Mobley's alleged use of force was in retaliation to an investigation by the Department of Administrative Services Risk Management Division concerning an incident that allegedly occurred a year earlier. Plaintiff also alleges that Defendant Joe Burnette ("Burnette") has spread "rumor and innuendo," (Doc. No. 1, pp. 7, 15), about him. Plaintiff names as Defendants in this case: the Georgia Department of Corrections; Steven Upton ("Upton"), Warden; Burnette, Deputy Warden; Dane Dasher ("Dasher"), Deputy Warden; and Mobley, Correctional Officer.

AO 72A
(Rev. 8/82)

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any factual allegations that Dasher, Upton, Burnette, or the Georgia Department of Corrections were involved in any way with Mobley's alleged use of excessive force. Additionally, "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler County, Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Therefore, Plaintiff has not shown that he is entitled to relief against these Defendants for any constitutional violation. Plaintiff asserts numerous state law causes of action against Dasher, Upton, Burnette, and the Georgia Department of Corrections; however, the Court does not have jurisdiction over these claims.

Plaintiff does make factual allegations against Burnette stating that Burnette spread rumor and innuendo about him. However, the Court of Appeals for the Eleventh Circuit has stated that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Therefore, the harm Plaintiff alleged does not rise to the level of a constitutional violation.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Dasher, Upton, Burnette, and the Georgia Department of Corrections be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)