FILED
U.S. DISTRICT COURT
2012 APR -9 AM 11:48
CLERK R Au
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

    Plaintiff,

v.      CIVIL ACTION NO.: CV611-124

GEORGIA DEPARTMENT OF
CORRECTIONS; STEVEN
UPTON; JOE BURNETTE;
DANE DASHER; and
ALTON MOBLEY,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Al Rico Mapp ("Mapp"), an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Mapp also alleged various state law torts. Defendant Alton Mobley ("Mobley") filed a Motion to Dismiss Mapp's state law claims. Mapp filed a Reply. For the following reasons, Mobley's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Mapp alleges that he was physically assaulted by Mobley. Mapp claims that Mobley grabbed him by the face and pushed his face into cell bars. Mapp alleges that Mobley then forced him to the ground, jumped on top of him, and punched him in the face repeatedly. Mapp asserts that he sustained injuries in the form of contusions, bruising, and swelling to his face, head, eye, hands, and wrists. Mapp alleges that Mobley's alleged use of force was in retaliation for an investigation by the Department of

AO 72A
(Rev. 8/82)

Administrative Services Risk Management Division concerning an incident that allegedly occurred a year earlier. Mapp's Complaint was served upon Mobley for alleged use of excessive force, in violation of Mapp's Eighth Amendment rights, and alleged retaliation, in violation of Mapp's First Amendment rights. Additionally, Mapp's Complaint was served upon Mobley for the following state law torts: assault and battery, negligence, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Mobley contends that Mapp's state law tort claims asserted against him in his official capacity should be dismissed because the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20, et. seq., which provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees, does not waive the State's sovereign immunity for tort actions brought against the State in federal court. Mobley contends that Mapp's state law tort claims asserted against him in his individual capacity should be dismissed because the GTCA provides immunity to a state officer or employee who commits a tort while acting within the scope of his or her official duties or employment. Mapp asserts that Mobley's actions were willful, malicious, and corrupt and are, therefore, not entitled to the protections of official immunity. Mapp further contends that Mobley is not entitled to qualified immunity.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil

---

[1] Mobley makes other arguments in support of his Motion to Dismiss, and Mapp addresses at least two of them. However, due to the undersigned's recommendation, those arguments and their responses do not need to be addressed.

2

Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION AND CITATION TO AUTHORITY

"A suit against an official in his or her official capacity is not a suit against the official but is rather a suit against the official's office." Love v. Tift Cnty., Ga., 2010 WL 1257998, *6 (M.D. Ga. 2010) (quoting Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007)). "A suit for money damages against a state officer in his official capacity is therefore a suit against the state and is barred by the Eleventh Amendment." Id. (citing Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994)). The GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50-21-23(b). As a result, Mobley is immune from suit in federal court in his official capacity, and Mapp's state law tort claims against Mobley in his official capacity should be dismissed.

"[T]he Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." Jackson, 16 F.3d at 1575 (citations omitted). However, under the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). This is because a plaintiff "must name as a party defendant only the state government entity for which the state officer or

3

employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).

State officers or employees acting within the scope of their official duties or employment are immune from personal liability under O.C.G.A. § 50-21-25(a) even when the actions of which they are accused constitute unauthorized torts that are intentional or malicious. See Ridley v. Johns, 552 S.E.2d 853, 855 (Ga. 2001); Tootle v. Cartee, 634 S.E.2d 90, 93 (Ga. Ct. App. 2006) (recognizing that immunity under the GTCA "has been construed broadly to include unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties") (internal quotation marks and citations omitted); Davis v. Standifer, 621 S.E.2d 852, 855 (Ga. Ct. App. 2005) (holding that a Georgia State Patrol officer could not be sued individually in tort for allegedly sexually assaulting a woman during a traffic stop because "intentional wrongful conduct comes within and remains within the scope of employment" when the state employee acts within the scope of his official duties) (citations omitted); Hardin v. Phillips, 574 S.E.2d 565, 568 (Ga. Ct. App. 2001) ("[B]oth the provisions of the [GTCA] and the case law interpreting it demonstrate that the Act provides immunity from liability for torts committed during a state employee's performance of official duties without regard to intent or malice.") (alterations in original) (citation omitted); Mattox v. Bailey, 472 S.E.2d 130, 130–31 (Ga. Ct. App. 1996) (holding that under the GTCA an officer at a state correctional facility was entitled to state tort immunity from a claim that he had battered an inmate by slamming the inmate's head into a door and beating the inmate while escorting him across prison grounds).

4

Mapp's contact with Mobley, in relation to the incident that forms the basis of his Complaint, allegedly began when Mobley came to Mapp's cell and told him to spread his buttocks using both hands for a visual inspection by Mobley. (Doc. No. 1, p. 4). Mapp did as he was told; however, a verbal confrontation ensued. (Id.). Mapp failed to state when and why he was handcuffed and where he was being taken; however, Mapp's recitation of the alleged assault is as follows:

> OFFICER MOBLEY continued to escort Plaintiff who was handcuffed behind his back. OFFICER MOBLEY MOVED Plaintiff along by pushing Plaintiff in the back with the hand holding the Plaintiff's handcuffed hands. This was very uncomfortable for Plaintiff and he asked OFFICER MOBLEY not to do that anymore. At that point, OFFICER MOBLEY grabbed Plaintiff and forced Plaintiff to the ground so hard that Plaintiff's cuffs popped open. OFFICER MOBLEY then jumped on top of Plaintiff and began punching Plaintiff in the face repeatedly.

(Id.). It is clear from the face of Mapp's Complaint that, like the state employees in Davis and Mattox, Mobley was acting within the scope of his official duties at the time of the alleged assault. As a result, Mobley is immune from suit in his individual capacity, and Mapp's state law tort claims against Mobley in his individual capacity should be dismissed.

The GTCA contemplates substituting the state government entity employer as a defendant when its state officer or employee has been improperly named as an individual for an act or omission for which the state is liable. O.C.G.A. § 50-21-25(b). However, substituting the Georgia Department of Corrections for Mobley would be futile in this case. As previously stated, the GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50-21-23(b). As a result, the Georgia

AO 72A
(Rev. 8/82)

Department of Corrections, if substituted for Mobley, would also be immune in this lawsuit.[2]

Mapp's lengthy discussion of qualified immunity need not be addressed. Mobley did not move for dismissal on the basis of qualified immunity, and the undersigned has not recommended dismissal on that basis.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mobley's Motion to Dismiss be **GRANTED** and that Mapp's state law tort claims against Mobley be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of April, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] If Mapp wishes to pursue state law tort claims against the Georgia Department of Corrections for alleged torts arising from the allegations stated in his Complaint, he should do so in a separate action brought in the courts of the State of Georgia. See O.C.G.A. § 50-21-25(b) and O.C.G.A. § 50-21-23(b).

AO 72A
(Rev. 8/82)