U.S. DIST[...] [...]
SAV[...] [...]

2012 APR 12, AM 11: 10

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

AL RICO MAPP,

        Plaintiff,

    v.

GEORGIA DEPARTMENT OF
CORRECTIONS; STEVEN
UPTON; JOE BURNETTE;
DANE DASHER; and
ALTON MOBLEY,

        Defendants.

           CIVIL ACTION NO.: CV611-124

## O R D E R

Following three extensions of time, Plaintiff Al Rico Mapp ("Plaintiff") filed, by and through his counsel, Objections to the Magistrate Judge's Report dated January 19, 2012, which recommended that Plaintiff's claims against Defendants Dasher, Upton, Burnette, and the Georgia Department of Corrections be dismissed.  After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

**I. Plaintiff objects to the Magistrate Judge's recommendation of dismissal of Plaintiff's claims for constitutional violations against Defendants Upton, Dasher, and Burnette based on Plaintiff's failure to make factual allegations against those Defendants with regard to Defendant Mobley's alleged use of excessive force.**

In support of that objection, Plaintiff seemingly makes three arguments.  First, Plaintiff asks the Court to recognize that "acts which are in implementation of an *intentional policy*, . . . formal or informal, acknowledged or vigorously denied" create a

AO 72A
(Rev. 8/82)

cause of action when the "governing body has worked constitutional deprivation" pursuant to the policy. (Doc. No. 35, p. 2) (quoting City of Cave Spring v. Mason, 310 S.E.2d 892, 893–94 (Ga. 1984) (emphasis supplied by the undersigned to properly conform the quote to the original). Plaintiff has cited no intentional policy allegedly being implemented by the Defendants in this case. Instead, Plaintiff vaguely alleges that "there have been numerous other instances of excessive force and failure to protect inmates[.]" (Doc. No. 35, p. 3). However, an allegation of other instances of misconduct does not allege a policy upon which Defendants acted in furtherance.

Second, Plaintiff states that a supervisory official may be liable under 42 U.S.C. § 1983 for an injury resulting from his failure to train or supervise[1] subordinates if "the failure has actually caused the injury of which the plaintiff complains." (Doc. No. 35, p. 2) (citing Belcher v. City of Foley, 30 F.3d 1390, 1397 (11th Cir. 1994)). Plaintiff has not alleged facts tending to show that Upton, Dasher, and Burnette were responsible for training Defendant Mobley. And Plaintiff has not alleged any facts tending to show that the failure of Upton, Dasher, and Burnette to stop the alleged excessive force by Defendant Mobley actually caused the alleged excessive force by Defendant Mobley.

Third, Plaintiff avers that supervisory liability may be imposed upon the Defendants. However, Plaintiff did not bring a claim for supervisory liability in his Complaint. Even overlooking that failure, Plaintiff's allegations do not state a claim for supervisory liability. "[S]upervisory liability is appropriate under § 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged

---

[1] It should be noted that Plaintiff's support for this assertion, Belcher v. City of Foley, 30 F.3d 1390, 1397 (11th Cir. 1994), discussed only a failure to train and did not discuss a failure to supervise.

constitutional violation. Facts sufficient to establish a causal connection include those which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Young v. Nichols, 398 F. App'x 511, 515 (11th Cir. 2010) (internal quotation marks and citations omitted). Plaintiff does not allege that Upton, Dasher, and Burnette personally participated in the alleged use of excessive force by Defendant Mobley. Plaintiff does not allege that Upton, Dasher, and Burnette directed Mobley's alleged actions. Plaintiff cites to a 1998 Eleventh Circuit Court of Appeals case for the proposition that a "causal connection may be established when the supervisor is well aware of a history of widespread abuse and fails to correct alleged violations." (Doc. No. 35, p. 3) (internal quotation marks and citations omitted). Seemingly, Plaintiff intended to argue that a history of widespread abuse can result in a defendant's knowledge that his subordinates would act unlawfully, the second method of establishing a causal connection under the Young test. Plaintiff has not alleged any facts tending to show that there is a history of widespread abuse at Georgia State Prison. Instead, Plaintiff vaguely alleges that "there have been numerous other instances of excessive force and failure to protect inmates," (Doc. No. 35, p. 3), and that witnesses will testify in support of that allegation, (Doc. No. 35, p. 5). The only fact presented by Plaintiff is that he has filed/will file four lawsuits in two years, which is insufficient to "show[ ] that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), against Upton, Dasher, and Burnette based on knowledge that their subordinate, Defendant Mobley, would act unlawfully.

**II.  Plaintiff objects to the Magistrate Judge's recommendation of dismissal of Plaintiff's state law claims against Defendants Upton, Dasher, and Burnette based on lack of jurisdiction.**

Plaintiff asserts that the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over his state law claims against Upton, Dasher, and Burnette, "by virtue of the federal question asserted in Plaintiff's section 1983 claim in this matter."  (Doc. No. 35, p. 6).  Because the Court agrees with the Magistrate Judge's determination that Plaintiff has failed to state a claim for relief under § 1983 against Upton, Dasher, and Burnette, the Court does not have jurisdiction over Plaintiff's state law claims.

**III.  Plaintiff objects to the Magistrate Judge's recommendation of dismissal of Plaintiff's claim that Burnette spread rumor and innuendo about Plaintiff based on lack of an allegation of constitutional violation.**

In support of that objection, Plaintiff states that "a prison inmate has a constitutional right to be protected from the [constant] *threat of violence and from physical assault* [by other inmates]."  (Doc. No. 35, p. 8) (quoting <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986) (emphasis supplied by Plaintiff) (alterations supplied by the undersigned to properly conform the quote to the original).  Plaintiff did not allege that Burnette threatened violence against him; Plaintiff certainly did not allege that Burnette constantly threatened violence against him.  Instead, Plaintiff alleged that Burnette spread rumor and innuendo about him.  As the Magistrate Judge noted, "verbal abuse alone is insufficient to state a constitutional claim."  <u>Hernandez v. Fla. Dep't of Corr.</u>, 281 F. App'x 862, 866 (11th Cir. 2008) (citing <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).  Plaintiff avers that "Burnette's verbal abuse was but a component of the overall hostile environment that was created due to the acts and omissions of the Defendants in this case."  (Doc. No. 35, p. 7).  Even accepting this

allegation as true, Plaintiff still cannot state a separate claim for the alleged rumor and innuendo spread by Burnette because such verbal abuse does not rise to the level of a constitutional violation.

**IV. Plaintiff objects to the standard used by the Magistrate Judge to determine that his claims should be dismissed.**

Plaintiff avers that the Magistrate Judge's Report "require[s] 'evidence' that could only be obtained or confirmed through the discovery process in order to allow Plaintiff to pursue his claims[.]" (Doc. No. 35, pp. 8–9). The Magistrate Judge clearly determined that, with regard to the claims for which dismissal was recommended, Plaintiff failed to set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In some instances, Plaintiff did not allege facts sufficient to show that he is entitled to relief; and, in another instance, the facts alleged resulted in harm that did not rise to the level of a constitutional violation. The Magistrate Judge used the appropriate standard.

**V. Conclusion**

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's claims against Dasher, Upton, Burnette, and the Georgia Department of Corrections are **DISMISSED**.

**SO ORDERED**, this _17th_ day of _April_, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA