FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 FEB -7 P 4: 02
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

    Plaintiff,

v.                         CIVIL ACTION NO.: CV611-124

ALTON MOBLEY,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendant filed a Motion for Summary Judgment. Plaintiff, who is represented by counsel, filed a Response, and Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **DENIED**.

## STATEMENT OF THE CASE[1]

While escorting Plaintiff, Defendant allegedly grabbed and held onto Plaintiff's handcuffs and began pushing the handcuffs into Plaintiff's back. Plaintiff allegedly told Defendant to not grab his handcuffs. When Defendant continued, Plaintiff stopped walking. Defendant allegedly pushed Plaintiff into the range bars and then "slung" him onto the floor. Plaintiff's handcuffs popped open as he hit the ground on his back.

---

[1] The following factual account is taken from Plaintiff's Statement of Material facts, (Doc. No. 56-2), which is derived from Plaintiff's interpretation of the video of the alleged incident.

AO 72A
(Rev. 8/82)

Officers Berry and Moye allegedly secured Plaintiff's arms as he lay on the floor. Defendant allegedly pushed Officer Berry away from Plaintiff, which resulted in Plaintiff's arm being unsecured. Defendant allegedly placed himself directly above Plaintiff and struck him. Plaintiff was brought to his feet and handcuffs were placed on him. Plaintiff was then taken to the medical unit.

Defendant contends that he is entitled to summary judgment for three reasons. First, Defendant asserts that, as a matter of law, Plaintiff cannot prove his excessive force claim. Second, Defendant asserts that he is entitled to qualified immunity. Third, Defendant asserts that because Plaintiff cannot show physical injury, Plaintiff's Complaint is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir.

2

2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Defendant's assertion that Plaintiff cannot prove his excessive force claim

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In other words, to establish a claim for excessive force, the

3

plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Defendant contends that Plaintiff cannot prove either portion of his excessive force claim.

### A. Excessive use of force

Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). The five factors relevant to ascertaining whether force was used "maliciously and sadistically" for the purpose of causing harm are: (1) the extent of the resulting injury, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them. Campbell, 169 F.3d at 1374; see also Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). An application of these factors indicates that there is a genuine question of material fact as to whether the force allegedly used by Mobley was excessive.

First, there is a genuine question regarding the extent of Plaintiff's injuries. During his deposition, Plaintiff testified that he was severely injured as a result of the alleged incident at issue. (Doc. No. 48-3, pp. 58–59). Specifically, Plaintiff's testimony reads as follows:

> Q: Okay. What were your injuries, a black eye?
> A: Swollen eye and my jaw was hurting, too.

4

> Q: Swollen eye and hurt jaw?
> A: Yes, sir. But when he threw me on the floor, when he put his foot behind me and clipped me down on the ground, I hit my left shoulder and the left side of my head. . . .
> Q: No blood at all?
> A: No, sir.

(Doc. No. 48-3, p. 12). Plaintiff further testified:

> A: But if they take photos of my face and stuff five days after the incident, they probably didn't want nobody to see the swelling and the injuries that I had. It's also a videotape in the hallway that show me getting pulled out five days after this incident. If they go to that video camera and look at it, five days after this incident, I was being pulled out and stand in front of the hallway with a – with a camera, and they started taking pictures of my face. . . .
> Q: And you complained about headaches?
> A: Headaches and my jaw.
> Q: Had you ever complained about headaches before this incident?
> A: No, sir. . . .

(Doc. No. 48-3, p. 61).[2] Taking Plaintiff's testimony as true, he was severely injured as a result of the alleged incident.

Second, the need for application of force during the alleged incident is in question. Taking Plaintiff's version of the facts as true, Plaintiff was handcuffed and being led by Defendant when he had a verbal altercation with Defendant leading Defendant to use force against him. (Doc. No. 48-3, pp. 7–9). Third, because the need for application of force is in question, whether the force allegedly used was excessive is in question. Once an inmate is handcuffed, the need for the application of any force is very low. Smith v. Vavoulis, 373 F. App'x 965, 967 (11th Cir. 2010). There exists a

---

[2] It is not entirely clear that Plaintiff's alleged headaches are a result of this incident. Plaintiff also testified as follows:
> A: To be correct, I hit my head three times . . . .
> Q: Okay. When you say you hit your head, this is a past injury?
> A: Prior to this injury, I had other incidents that have took place in GSP, too, concerning my head.

(Doc. No. 48-3, p. 18). However, taking Plaintiff's testimony as true, he did not suffer headaches until after the alleged incident at issue in this case.

5

genuine dispute as to whether any force used against Plaintiff was reasonable or excessive.

Fourth, with regard to efforts made to temper the severity of the alleged force, Plaintiff testified that he did not receive medical treatment following the alleged incident. Plaintiff testified to the following:

> Q: Okay. Now, for the swollen eye, did you ever receive any medical treatment?
> A: No, sir.
> Q: For the hurt jaw, did you ever receive any medical treatment?
> A: No, sir.
> Q: The left shoulder?
> A: No, sir. Right shoulder.
> Q: Right. And I'm assuming, then, it's the right side of the head?
> A: Yes, sir.
> Q: And you never received any medical treatment for any of that?
> A: No, sir. . . .
> A: . . . And it also videotaped the shoulder. They pulled me outside the room five days later after the incident to take pictures of me when they supposed to took them on the hospital floor when I went down there for the incident.

(Doc. No. 48-3, pp. 14–15). Plaintiff further testified:

> Q: Requiring treatment in the medical unit for injuries to your face, head, eye, hands, and wrist. Did you ever receive any treatment in the medical unit for your face, head, eye, hands, and wrist?
> A: I never got no treatment for any of it.

(Doc. No. 48-3, p. 59). Nurse Sharon Brown completed a Georgia Department of Corrections Use of Force Assessment form, which is the form used by the nurse who sees an inmate after force has been applied to document injuries resulting from the force used. (Doc. No. 48-4, pp. 30–31). However, taking Plaintiff's testimony as true, as is required at this stage, Defendant made no effort to temper the severity of the alleged force via medical treatment for Plaintiff or any other means.

6

Finally, there is a genuine question regarding the extent of the threat to the safety of staff and inmates posed by Plaintiff at the time of the alleged incident. According to Plaintiff's testimony, before leaving his cell he was strip searched; at the time the alleged incident began, Plaintiff was handcuffed; and throughout the alleged incident Plaintiff was surrounded by three prison officials. (Doc. No. 48-3, pp. 7–9).

There exists a genuine dispute as to whether Defendant acted with a malicious and sadistic purpose to inflict harm. As a result, summary judgment in favor of Defendant is inappropriate if there exists a genuine dispute as to whether Plaintiff suffered more than a de minimis injury.

### B. De minimis injury

Plaintiff testified that, as a result of his alleged contact with Defendant, he sustained the following ongoing injuries: a swollen eye; a hurt jaw; undefined injuries to his shoulder, head, hand, and wrist; and headaches. (Doc. No. 48-3, pp. 12, 14–15, 59, 61). In Smith, the Court of Appeals for the Eleventh Circuit determined that, while it was a close call, Smith's injuries, burning from mace, bruises, a deep cut on his wrist and swelling, knots on his head, and bleeding from the mouth, were more than de minimis. Smith, 373 F. App'x at 967 (citing Hudson, 503 U.S. 1, wherein the plaintiff alleged bruises, swelling, loosened teeth, and a cracked dental plate). Like the plaintiffs in Smith and Hudson, while it is a close call, Plaintiff alleges injuries that are arguably more than de minimis. There exists a genuine dispute as to whether Plaintiff suffered more than a de minimis injury. As a result, summary judgment in favor of Defendant is inappropriate.

AO 72A
(Rev. 8/82)

## II. Defendant's assertion that he is entitled to qualified immunity

Ordinarily, to overcome Defendant's privilege of qualified immunity, Plaintiff would have to show "(1) that the officer violated [his] federal constitutional or statutory rights, and (2) that those rights were clearly established at the time the officer acted." Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008). However, "[f]or claims of excessive force in violation of the Eighth or Fourteenth Amendments . . . a plaintiff can overcome a defense of qualified immunity by showing only the first prong, that is Eighth or Fourteenth Amendment rights have been violated." Fennell, 559 F.3d at 1216–17 (citing Johnson, 280 F.3d 1321–22). Because Plaintiff has created a genuine question of material fact with regard to whether his Eighth Amendment rights were violated, Defendant is not entitled to summary judgment based on qualified immunity.

## III. Defendant's assertion that because Plaintiff cannot show physical injury, Plaintiff's Complaint is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e)

Defendant correctly argues that without a showing of any physical injury, Plaintiff is not entitled to recover compensatory or punitive damages. See Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011); Frazier v. McDonough, 264 F. App'x 812, 815 (11th Cir. 2008). Citing the plain language of the PLRA, along with cases interpreting it, Defendant argues that Plaintiff should likewise not be allowed to recover nominal damages. (Doc. No. 48-1, pp. 20–25). However, as determined previously, Plaintiff has created a genuine issue regarding whether he suffered injuries that were more

AO 72A
(Rev. 8/82)

than de minimis. Consequently, Defendant is not entitled to summary judgment based on 42 U.S.C. § 1997e(e).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)