FILED
U.S. DISTRICT COURT
SAVANNAH
2013 MAY -9 AM 10:??
CLERK X. moore
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

    Plaintiff,

v.                     CIVIL ACTION NO.: CV611-124

ALTON MOBLEY,

    Defendant.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Defendant contends that the Magistrate Judge ignored Plaintiff's sworn testimony and adopted Plaintiff's interpretation of the videotape, which is contrary to some of Plaintiff's other testimony and the depictions in the videotape. Defendant asserts that the videotape of the incident, as well as the medical examination conducted immediately following the incident, show that Plaintiff's sworn contentions and the allegations in his Complaint are false.

A viewing of the three (3) DVDs Defendant submitted in support of his Motion for Summary Judgment reveals that Plaintiff's assertions regarding the use of force

incident are not accurate.[1]  Plaintiff was not thrown face first into the metal bars, repeatedly punched in the face, or hit at least five (5) times.  However, the video evidence of the use of force incident does not fully support Defendant's version of events, either.  Defendant asserts that the videotape "shows Plaintiff stopping, officers struggling, Plaintiff's hands coming free, and the Defendant using one strike to bring the situation back under control." (Doc. No. 66, p. 6).  The undersigned's review of the use of force incident reveals that Plaintiff was able to get free from his handcuffs during an escort with three (3) officers, including Defendant, and Plaintiff tried to get away from the officers.  (DVD No. 2, 8:26:28).  Plaintiff was then slammed backwards against the metal bars on two occasions.  (Id. at 8:26:32-:34).  Plaintiff was taken down to the concrete floor with some degree of force.  (Id. at 8:26:36).  Plaintiff continued to struggle as the three (3) officers tried to subdue him, and at least one (1) of the officers was dragging Plaintiff by his arms.  Plaintiff was slammed back to the ground.  (Id. at 8:26:43).  Another officer, who appears to be Defendant, pushed another officer out of his way in what seemed to be Defendant's desire to get access to Plaintiff.  (Id. at 8:26:57).  Defendant punched Plaintiff in the face once, even though it appears that Plaintiff was no longer resisting the officers' efforts to subdue him at that point.  (Id. at 8:27:07).  Plaintiff was recuffed, brought to his feet, and was then taken to the stairs to await his escort to the medical unit.  (Id. at 8:27:58).

A handheld camera was then used to document Plaintiff's escort to medical.  (DVD No. 3).  After a six (6) minute escort to medical, Plaintiff was seated on a table in the medical unit.  (Id. at 6:04).  Plaintiff's time in the medical unit lasted less than one

---

[1] The undersigned was unable to access the audio portions of these DVDs, but this access would not change the undersigned's impressions of the video portions.

AO 72A
(Rev. 8/82)

(1) minute, and it appears that his medical examination involved no more than a very quick, cursory visual examination.[2] (Id. at 7:02). Although the camera leaves Plaintiff's face for a very short time on a couple of occasions, the quality of the video evidence is such that it is impossible for the undersigned to determine what, if any, physical injuries Plaintiff may have suffered as a result of the use of force incident.

The videotaped evidence reveals that this use of force incident was of relatively short duration, lasting less than two (2) minutes' time. Nevertheless, this videotaped evidence also reveals that there are genuine disputes as to facts material to a jury's determination of whether the amount of force was reasonable or excessive, particularly in light of the fact that three (3) officers were escorting Plaintiff and the fact that Plaintiff managed to get out of his handcuffs. Additionally, the other evidence of record shows that there remain genuine disputes as to whether Defendant acted with a malicious and sadistic purpose to inflict harm against Plaintiff. The undersigned recognizes that Plaintiff was taken to the medical unit after this use of force incident, but it is for a jury to determine whether Plaintiff suffered any injuries as a result of this incident and whether his claimed injuries are more than *de minimis*.

Defendant asserts that he set forth several statements of material fact in support of his Motion for Summary Judgment which have been admitted because Plaintiff did not specifically counter each of his statements. Plaintiff may not have stated that he denied or did not agree with certain statements Defendant made in his Statement of Material Facts; however, Plaintiff's submission of his own Statement of Material Facts is supported by citations to evidence of record and is an implicit denial of Defendant's

---

[2] Plaintiff's examination could not have taken more than ten to twenty seconds, as someone who appears to be the nurse is in the background and out of the room in which Plaintiff was seated for at least half of the minute he was in medical.

3

Statement of Material Fact. Defendant's view of Federal Rule of Civil Procedure 56 and this Court's Local Rules is rather restrictive. See Fed. R. Civ. P. 56; L.R. 7.1(b), 56.1.

Defendant's Objections are overruled. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendant's Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this ___ day of _May_____, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)