UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AL RICO MAPP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)     6:11-cv-124<br>)<br>ALTON MOBLEY, )<br>)<br>Defendant. )<br>)<br>) | |

## ORDER

Before the Court is Alton Mobley's Motion in Limine, ECF No. 74, in which he seeks to exclude six categories of evidence at trial: (1) a Department of Corrections ("DOC") internal affairs investigation into the incident at the center of Al Rico Mapp's claims; (2) prior excessive use of force allegations against Mobley; (3) other excessive use of force allegations made by Mapp; (4) alleged violations of DOC policies; (5) a disciplinary report issued against Mapp stemming from the incident in question here; and (6) liability insurance coverage provided DOC employees by the Georgia Department of Administrative Services. ECF No. 74-1. For the following reasons, the motion is *GRANTED IN PART* and *DENIED IN PART*.

### A. The Internal Affairs Investigation

Mobley argues that an internal affairs investigation and associated comments or notes "should not be admitted into evidence for any reason." ECF No. 74-1 at 3. The Court disagrees and denies such a broad request. Federal Rule of Evidence 803(8) provides an exception to the general prohibition against hearsay for records or statements of a public office from a legally authorized investigation unless "the source of information . . . indicate[s] a lack of

trustworthiness." Until Mobley can demonstrate that the internal investigation is untrustworthy, it remains admissible.[1]

Nevertheless, to the extent that statements made to investigators by Mobley's co-workers are not factual findings, they do not fall within the public records exception and will be excluded. *Roxbury-Smellie v. Florida Dep't of Corr.*, 324 F. App'x 783, 785 (11th. Cir 2009); *see also Jessup v. Miami-Dade County*, 697 F. Supp. 2d. 1312, 1322 (S.D. Fla. 2010) (extending the reasoning of *Roxbury-Smellie* to a jail internal investigation). But any statements by Mobley for the investigation, regardless of whether they are factual findings of the investigation, are admissible as statements by a party-opponent. *See* Fed. R. Evid. 801(d)(2). And, as Mobley concedes, any statements made during the investigation may be used to impeach the declarant, should he or she testify. ECF No. 74-1 at 3.

### B. Prior Excessive Use Of Force Allegations Against Mobley

Mobley anticipates that Mapp may present evidence that Mobley "has been accused of using excessive force against other inmates in the past to demonstrate a propensity to use excessive force against [Mapp] in this action." *Id.* at 4. Mobley argues that "[s]uch evidence is improper and should be excluded pursuant to Fed.R.Evid. 404(b)." *Id.*

#### 1. Rule 404(b)

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If offered for a

---

[1] Mobley also argues that Rule 403 bars introduction of the internal investigation. ECF No. 74-1 at 3. Mosley's failure to provide a rationale for why the danger of confusion substantially outweighs the probative value of the evidence dooms this argument.

purpose enumerated in 404(b)(2), prior bad acts evidence is admissible only if (1) it actually relates to an issue in 404(b)(2), not solely to the defendant's character; (2) the plaintiff sufficiently proves the prior act so a jury can determine the defendant committed the act; and (3) the prior act evidence possesses probative value not substantially outweighed by undue prejudice. *United States v. Floyd*, ___ F. App'x ___, No. 12-15113, 2013 WL 2500612, at *1 (11th Cir. June 12, 2013) (citing *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005)).

Mobley believes Mapp cannot demonstrate that any allegation of prior excessive use of force by Mobley is relevant to a 404(b)(2) exception. ECF No. 74-1 at 6. Perhaps that's true. But at this point Mobley's objection is purely speculative. Nevertheless, if at trial Mapp attempts to introduce evidence of Mobley's alleged prior use of excessive force, he will have to satisfy his burden to show that the evidence (1) is relevant to a 404(b)(2) issue; (2) allows a jury to find by a preponderance that the prior event actually occurred; and (3) that the probative value of the evidence is not substantially outweighed by undue prejudice to Mobley. *Floyd*, 2013 WL 2500612 at *1. For now the Court refrains from imposing a blanket exclusion on Mapp's potential introduction of 404(b) evidence.

### C. Prior Excessive Use Of Force Allegations By Mapp

Mobley also believes Mapp may try to introduce evidence that other correctional officers have subjected him to abuse. ECF No. 74-1 at 8. Mobley argues such evidence is (1) irrelevant and barred by Federal Rule of Evidence 402; (2) prior bad act evidence and thus barred by Rule 404(b); and (3) excludable under Rule 403 because its probative value is substantially outweighed by the danger of undue prejudice, confusion of issues, and undue consumption of time. *Id.*

Any prior incident of excessive force committed by someone other than Mobley is irrelevant to the claims in this case. Mapp alleges that Mobley used excessive force, not some other prison guard. What someone other than Mobley may have done in the past holds no value in Mapp's quest to prove that Mobley violated his Eighth Amendment rights. Any evidence Mapp tries to introduce relating to prior incidents of excessive force by guards other than Mobley will be excluded.

### D. Violations Of Department Of Corrections Policies

Mobley argues that any testimony that he violated DOC policies and procedures is irrelevant because violation of a policy does not equate to violation of a constitutional right. ECF No. 74-1 at 9; Fed. R. Evid. 402 (barring the introduction of irrelevant evidence). Mobley is correct. Testimony that Mobley violated a DOC policy is irrelevant because it has no bearing on whether he also violated Mapp's constitutional right to be free from the use of excessive force. *See* Fed. R. Evid. 401 (defining relevant evidence as that which "has any tendency to make a fact more or less probable . . . and . . . is of consequence in determining the action."). Any testimony regarding violation of DOC policies therefore will be excluded.

### E. The Disciplinary Report

Mobley seeks to exclude evidence of the disciplinary report filed against Mapp following the incident at issue on both hearsay and relevancy grounds. *Id.* at 10. Like the internal affairs investigation report, the disciplinary report falls under the public records exception to the general hearsay exclusion. Fed. R. Evid. 802, 803(8). As Mobley has made no showing of untrustworthiness, *see id.* at 803(8)(B), the Court will not exclude the disciplinary report as hearsay.

Nor will the Court exclude the evidence as irrelevant. Mobley contends that because Mapp admitted to stopping during his escort, the disciplinary report is irrelevant. ECF No. 74-1 at 10. But the disciplinary report may provide a pertinent account of the incident, including non-compliance with an officer's order and resistance, both disciplinary violations alleged by Mobley. ECF No. 69 at 4. The disciplinary report may also tend to prove or disprove whether Mobley used excessive force under the circumstances. *See* Fed. R. Evid. 401(a). Mobley has suggested such an element as a part of his requested special jury verdict. ECF No. 69 at 28. The Court denies the motion in limine as to the disciplinary report.

### F. Department Of Corrections' Liability Insurance

Finally, Mobley seeks to bar any reference by Mapp to liability insurance coverage provided by the Georgia Department of Administrative Services. ECF No. 74-1 at 11. The Court *GRANTS* Mobley's request because Federal Rule of Evidence 411 prohibits admission of "[e]vidence that a person was . . . insured against liability" "to prove whether the person acted negligently or otherwise wrongfully."[2]

### I. CONCLUSION

The Court *GRANTS IN PART* Mobley's motion and *EXCLUDES*:

1. evidence of prior excessive use of force allegations by Mapp;
2. evidence that Mobley violated DOC policies and procedures in his treatment of Mapp; and
3. any reference to liability insurance coverage provided by the Georgia Department of Administrative services.

The Court *DENIES IN PART* Mobley's motion and *DECLINES* to exclude:

---

[2] Rule 411 allows admission of insurance evidence in order to show things like ownership or control. That exception to the general rule barring insurance evidence does not apply here.

1. the internal affairs investigation report unless Mobley can demonstrate its untrustworthiness;

2. all evidence of prior instances of excessive force by Mobley. But any such evidence must satisfy Rule 404(b) else the Court will exclude it at trial; and

3. evidence of a disciplinary report Mapp received related to the incident in question.

The 23 day of September, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA